IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
JOSE R. PRADO, ET ALS.         *
                               *
      Plaintiffs               *
                               *
      v.                       *    CIVIL NO. 97-1681 (GG)
                               *
ORIENTAL FINANCIAL SERVICES CORP. *
ET ALS.                        *
                               *
      Defendants               *
*************************************
```

**OPINION AND ORDER**

Pending before this court is defendants' request to stay the administrative proceedings initiated by the plaintiffs before the Commissioner of the Commonwealth's Office of Financial Institutions ("the Commissioner"). (Docket entry #9).

**BACKGROUND**

On May 1, 1997, plaintiffs José R. Prado and Carmen A. Chárriez filed the above caption action before this court claiming that the defendants' unauthorized brokerage transactions, which caused them heavy losses, violated Section 10(b) of the Securities and Exchange Act, as well as the Puerto Rico Securities Law and Article 1802 of the Puerto Rico Civil Code. (Docket entry #1). On September 19, 1997, defendants requested that we compelled the plaintiffs to commercial arbitration as agreed by the parties in the Brokerage Account Pre-

CIVIL CASE NO. 97-1681 (GG)                                              2

Dispute Arbitration Agreement. (Docket entry #6). This motion went unopposed by plaintiffs. After considering the express terms of the brokerage account agreements, we determined that plaintiffs had to submit their claims to commercial arbitration, namely, "a panel of independent arbitrator set up by either the New York Stock Exchange, Inc. or National Association of Securities Dealers, Inc." Accordingly, on October 6, 1997, we granted defendants' motion and entered judgment dismissing the case and compelling the parties to arbitration. (Docket entry #8). This judgment became final and unappealable three (3) years ago.

Notwithstanding the above, and instead of complying with our judgment, on May 5, 2000, plaintiffs filed before the Commissioner a grievance against defendants wherein they allege the same facts and seek the same remedy[1] as that sought in 1997 in this case. In reaction to this, on June 15, 2000, defendants requested us to stay the administrative proceedings commenced by plaintiffs in order to protect and effectuate our prior judgment in this case. (Docket entry #9). This request is based on the "relitigation exception" of the Anti-Injunction Act, 28 U.S.C. §2283.

Although we ordered plaintiffs to show cause why defendants' request to stay the administrative proceedings before the Commissioner

---

[1] Before us plaintiffs requested payment of their losses ($74,390.19) plus moral damages ($200,000). Before the Commissioner plaintiffs request payment of their losses ($74,390.19) and that defendants' licenses be revoked or suspended.

CIVIL CASE NO. 97-1681 (GG) 3

should not be granted as of today they have blatantly failed to comply with our direct order.[2]

**ANTI-INJUNCTION ACT**

The Anti-Injunction Act, 28 U.S.C. § 2283, provides that:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Although the U.S. Supreme Court has not decided whether Section 2283 applies to state administrative proceedings[3], the statutes plain and unambiguous language indicates that it only applies to federal injunctions to stay proceedings in a state **court. See**, Entergy, Arkansas, Inc. V. Nebraska, 210 F.3d 887, 900 (8th Cir. 2000); Bud Antle, Inc. v. Barbosa, 45 F.3d 1261, 1271 (9th Cir. 1994).

Likewise, it's narrow purpose is to prevent friction between state and federal **judiciaries**. Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs., 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970). Furthermore, every circuit to decide the

---

[2] In this case, plaintiffs have been duly represented by counsel throughout all stages of the proceedings before this court. Likewise, they have been notified of all motions, orders and judgment in this case.

[3] **See**, Gibson v. Berryhill, 411 U.S. 564, 573 n. 12, 93 S.Ct. 1869, 36 L.Ed.2d 488 (1973).

CIVIL CASE NO. 97-1681 (GG)                                              4

question has held that Section 2283 limits a federal court's power to enjoin proceedings in a state **court,** but it does not affect the power to enjoin proceedings in any other entity of state government, such as a state administrative agency. **See,** *Id;* Kerr-McGee Chemical Corp. v. City of West Chicago, 914 F.2d 820, 824 (7th Cir.1990); American Motor Sales Corp. v. Runke, 708 F.2d 202, 204-05 (6th Cir.1983); Engelman v. Cahn, 425 F.2d 954, 958 (2d Cir.1970); Taylor v. Kentucky State Bar Ass'n., 424 F.2d 478, 482 (6th Cir.1970). **See also,** SMA Life Assurance Co. v. Sánchez-Pica, 764 F.Supp. 7, 8 *affmd.* 960 F.2d 274, 276 (1st Cir.1992). Ergo, there is no impediment under Section 2283 for us to order a stay of the administrative proceedings before the Commissioner.

Even assuming *arguendo* that Section 2283 applies to administrative proceedings, under the "relitigation exception" we may issue an injunction to avoid the relitigation of matters finally decided by us in this case, specifically, that the parties must submit their claims to commercial arbitration and not to other adjudicatory forums.

After careful consideration of the present circumstances of this case, we find that we must issue the injunction requested by the defendants in order to protect our judgment. As previously stated, with the filing of the grievance before the Commissioner, plaintiffs are clearly trying to obviate and disobey a final judgment of this court by forcing the defendants to submit to a quasi-judicial

CIVIL CASE NO. 97-1681 (GG)                                                 5

proceeding before the Commissioner. **See**, 7 L.P.R.A. §§2010-2015. Worst of all, defendants have already requested the Commissioner to dismiss the administrative claim, to no avail. Instead, the Commissioner ordered the defendants to answer the allegations presented and to produce all the documents required. That is, the Commissioner has ignored our judgment and subjected the defendants to his jurisdiction. **See**, Exhibit 1 of Defendant's motion to stay proceedings, Order of the Commissioner of July 21, 2000, docket entry #12.

**WHEREFORE**, in order to effectuate our judgment, defendants' request for a stay of the administrative proceedings before the Commonwealth's Office of Financial Institutions is **GRANTED**. Consequently, the plaintiffs are **ORDERED** to refrain from further prosecuting their claim before the Commissioner or any other state administrative agency. Instead, they must fully comply with our October 6, 1997 Judgment. Likewise, the Commissioner is **ORDERED** to abstain from further intervening in this case.

**SO ORDERED.**

San Juan, Puerto Rico, this 31st day of January, 2001.

GILBERTO GIERBOLINI
Senior U.S. District Judge

AO 72A
(Rev.8/82)